## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**Case No.: _____**

THE MAHER LAW FIRM P.A., a
Florida Profit Corporation,

       Plaintiff,

vs.

DANIEL J. NEWLIN, P.A. d/b/a The Law
Office of Attorney Dan Newlin, a Florida
Profit Corporation

       Defendant.

_____/

## COMPLAINT

     Plaintiff, The Maher Law Firm, P.A. ("Maher" or "Plaintiff"), files this Complaint for

Declaratory Relief against Defendant, DANIEL J. NEWLIN, P.A. d/b/a The Law Office of

Attorney Dan Newlin ("Newlin" or "Defendant") and alleges:

## JURISDICTION, PARTIES, AND VENUE

     1.     Maher is a professional corporation incorporated under the laws of the State of

Florida with its principal place of business in Orange County, Florida.

     2.     Newlin is a professional corporation incorporated under the laws of the State of

Florida with its principal place of business in Orange County, Florida.

     3.     The events giving rise to the claims alleged in this Complaint arise under the First

and Fourteenth Amendments of the United States Constitution.  Accordingly, this Court has

subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332.

4.      The events giving rise to the claims alleged in this Complaint occurred in Orange County, Florida and Defendant is a resident of Orange County, Florida.  Venue in this Court is therefore proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

## GENERAL ALLEGATIONS

6.      At all times material hereto, Maher is a law firm that holds itself out to the general public, offering legal services primarily in the practice of personal injury.

7.      At all times material hereto, Newlin is a law firm that holds itself out to the general public, offering legal services primarily in the practice of personal injury.

8.      Maher and Newlin are direct competitors.

9.      At all times material hereto, Newlin markets its legal services through an internet marketing plan that includes marketing through Google Ads.

10.     At all times material hereto, Maher markets its legal services through an internet marketing plan that includes marketing through Google Ads.  Maher uses the Google AdWords platform to advertise so that a potential personal injury client who uses a keyword or combination of keywords that identify a service which Maher offers will show Maher on the google search results.

11.     At all times material hereto, Maher uses generic phrases that are within the public domain as keywords in its marketing plan on the Google AdWords platform.

12.     The Maher Google advertisements clearly display the name "The Maher Law Firm" and do not in anyway associate The Maher Law Firm with Newlin.  Maher does not use the word "Newlin" or "Dan Newlin" in its Google advertising.  The Maher Law Firm advertisements are constitutionally protected speech.

2

13.     Newlin alleges that Maher's Google advertising practices infringe Newlin's service mark and violate the Florida Deceptive Trade Practices Act.  Newlin has threatened Maher with imminent litigation if it does not cease its constitutionally protected speech.  A copy of the threatened lawsuit is attached hereto as **Exhibit "A."**

14.     Unless refrained by this Court, Plaintiff will continue to be subjected to threats and baseless litigation for the exercise of its First Amendment right of free speech.

15.     Plaintiff has no adequate remedy at law because the denial of Plaintiff's constitutional rights cannot be remedied through legal relief.

## COUNT I – DECLARATORY RELIEF

16.     Plaintiff hereby realleges and incorporates into this Count each and every allegation of paragraphs one through nine (1-15) of this pleading.

17.     This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

18.     The threatened lawsuit (**Exhibit "A"**) from Newlin alleges a violation of § 540.08, Fla. Stat, § 817.41, Fla. Stat., service mark infringement and unfair, unlawful or deceptive business practice.  Accordingly, there is a justifiable controversy between the parties involving Maher's constitutionally protected speech.

19.     The Supremacy Clause of the United States Constitution, Art. VI, Clause 2, provides that the federal Constitution is "the supreme Law of the Land" notwithstanding any state or local law to the contrary.

20.     The Supremacy Clause provides Plaintiff with a remedy for Defendant's enforcement of state law to the extent it conflicts with the federal Constitution.

21.     Maher asserts that it has the legal right to use generic phrases that are in the public domain for internet advertisements on the Google Ads platform.

22.     Maher requires a judicial declaration of its rights under the United States Constitution to determine whether its Google Ads are constitutionally protected speech.

WHEREFORE, Plaintiff demands entry of judgment against the Defendant for (a) a judicial declaration that the Plaintiff's use of keywords on the Google Ads platform are protected speech, (b) an award of attorney's fees and costs as the prevailing party, (c) trial by jury on all factual issues that are triable as a matter of right and (d) such further relief as this Court deems to be just and proper under all of the facts and circumstances of this matter pursuant to 28 U.S.C. § 2202.

Respectfully submitted

By: /s/ Matthew S. Mokwa
Jason R. Fraxedas, Esq.
Fla. Bar No.: 63887
Matthew S. Mokwa, Esq.
Fla. Bar No.: 47761
The Maher Law Firm, P.A.
271 West Canton Avenue, Suite 1
Winter Park, FL 32789
Tel.: (407) 839-0866
Email:jrfraxedas@maherlawfirm.com
Email: mmokwa@maherlawfirm.com