# Exhibit A

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA**

DANIEL J. NEWLIN, P.A., d/b/a THE LAW
OFFICES OF DAN NEWLIN & PARTNERS
and DAN NEWLIN & PARTNERS,
a Florida corporation,

      Plaintiff,

vs.                                         Case No.

MICHAEL MAHER, individually; STEVEN
MAHER, individually, and THE MAHER
LAW FIRM, P.A., a Florida profit corporation,

      Defendants.
_____/

## COMPLAINT

Plaintiff, DANIEL J. NEWLIN, P.A., d/b/a THE LAW OFFICES OF DAN NEWLIN & PARTNERS and DAN NEWLIN & PARTNERS, a Florida corporation ("Newlin Law"), files this complaint against Defendants, MICHAEL MAHER, individually; STEVEN MAHER, individually, and THE MAHER LAW FIRM, P.A., a Florida profit corporation ("Mahar Law") (collectively, the "Defendants").

## INTRODUCTION

1. Defendants are conducting a misleading and deceptive internet advertising and intake scheme intentionally designed to trade on the goodwill of Newlin Law, developed in the name of Dan Newlin, and to confuse and mislead consumers searching for Newlin Law on the internet for legal representation. In carrying out the deceptive scheme, Defendants steal internet traffic of consumers searching for Newlin Law in violation of Florida law.

## PARTIES, JURISDICTION, AND VENUE

2. Newlin Law is a Florida corporation with its principal place of business located at

1

7335 W. Sand Lake Rd., Suite 300, Orlando, FL 32810.

3. Mahar Law is a Florida profit corporation with its principal place of business located at 271 West Canton Avenue, Suite 1, Winter Park, FL 32789, and engaged in the practice of law.

4. Michael and Steven Maher (collectively, "Maher") are licensed attorneys who practice law in Orlando, Florida.

5. This is an action for injunctive relief, damages, and other relief with an amount in controversy in excess of Fifteen Thousand and No/100 dollars ($15,000.00), exclusive of costs and attorneys' fees.

6. This Court has jurisdiction over this matter pursuant to §26.012, Florida Statutes.

7. Venue is proper in this Court pursuant to sections 47.011 and 47.051, Florida Statutes, because the cause of action accrued in Orange County, Florida. Specifically, the affected party, Newlin Law, is located in Orange County, Florida, and misled and diverted consumers (as described below) are calling Defendants from Orange County, Florida, for accidents that occur in Orange County, Florida.

## GENERAL ALLEGATIONS

8. Newlin Law, is engaged in the business of providing legal services to victims of personal injury and wrongful death resulting from auto accidents, medical malpractice, workplace injuries, etc. Newlin Law is a highly reputable legal practice with five offices throughout central Florida and over fifty attorneys on staff.

9. Newlin Law is the owner of the common law service marks "Law Offices of Dan Newlin," "The Law Offices of Dan Newlin and Partners," and "Dan Newlin and Partners" (the "Service Mark"). Newlin Law uses the Service Mark in connection with its legal practice, and

2

as a result of its over fifteen (15) years of continuous and exclusive use in the marketplace, the Service Mark is distinctive of the legal services Newlin Law provides.

10. Non-party attorney, Daniel Newlin, has licensed his name to Newlin Law for use in the provision of legal services and Newlin Law has the right to bring this action to prohibit use of the name Daniel Newlin, Dan Newlin or any other variant thereof (collectively, the "Newlin Name"). Moreover, Daniel Newlin has assigned to Newlin Law his individual rights to any claims for the unauthorized use of his name.

11. Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly reputable law firm throughout Florida. Accordingly, Newlin Law enjoys strong rights in the Service Mark and the Newlin Name, and consumers and the general public strongly associate the Service Mark and the Newlin Name with the services provided by Newlin Law.

12. In addition to the Service Mark and the Newlin Name, Newlin Law also enjoys intellectual property rights in its website located at: http://www.newlinlaw.com/ ("Newlin's Website").

13. Newlin Law utilizes the Google search engine ("Google") to place "pay-per-click" ("PPC") advertisements for Newlin's Website. Accordingly, when consumers search for "Dan Newlin," "Dan Newlin Attorney," "Daniel Newlin," "Newlin Law," or "Dan Newlin & Partners" on certain search engines, Newlin Law's Website will be the top search result.

14. Newlin Law spends a considerable amount of money on PPC to secure keywords Dan Newlin, Dan Newlin Attorney, Newlin Law, Dan Newlin and Partners, and other words attributed solely to the name and likeness of Dan Newlin or his law firm from Google AdWords.

15. Under a Google Adwords or Google AdWords Express PPC campaign, when entered as a search term, the keyword triggers the appearance of the advertiser's ad and link. An

advertiser's purchase of a particular term causes the ad and link to be displayed on the user's screen whenever a searcher launches a web search based on the purchased search term. Advertisers pay the search engine provider based on the number of times Internet users "click" on the advertisement, so as to link to the advertiser's website.

16. Maher Law and Maher obtain clients through online advertising. Michael and Steven Maher are the owners and officers of Maher Law. Maher and Maher Law own and operate the website www.maherlawfirm.com ("Defendants' Website").

17. Advertisers such as either Maher Law, Maher, or a third-party vendor on behalf of Maher Law and/or Maher, pay for the keywords on a bidding system. In the Google system, the advertiser bids the maximum amount of money it is willing to pay for its advertisement to appear in response to specific keywords or search terms. Google collects a fee from the bidder/advertiser each time its advertisement is "clicked" in response to a Google search with the purchased keywords or search terms.

18. To divert consumers searching for Newlin Law to their own ads either Maher Law, Maher, or a third-party vendor on behalf of Maher Law and/or Maher have paid Google to place Defendants' website listings above Newlin Law's organic (unpaid) search result listings and adjacent to Newlin Law's paid listings. An example of the misleading ad placement is shown below:

CONTINUED ON NEXT PAGE



19. Purchasing a keyword from Google AdWords or Google AdWords Express allows the purchaser's clickable advertisement(s) to appear in Google search results for the keyword. Consequently, when consumers search for Dan Newlin, Daniel Newlin, Newlin Law, Newlin's Website, the Service Mark, or a variation of the Newlin name on Google using a mobile phone or device, listings appear for competitors intending to divert that search traffic.

20. Newlin Law is informed and believes that either Maher Law, Maher, or a third-party vendor on behalf of Maher Law and/or Maher is using Google AdWords or Google Adwords Express as a method to place Maher Law's PCP advertisements in a manner that makes Maher Law and Maher's advertisements appear as related to or derived from Newlin Law when consumers' search for "Daniel Newlin" and/or derivatives thereof.

21. Newlin Law is informed and believes that either Maher Law, Maher, or a third-party vendor on behalf of Maher Law and/or Maher are using their deceptive Google AdWords or Google AdWords Express scheme to mislead consumers searching for "Dan Newlin" and/or derivatives thereof.

22. Maher Law and Maher's PCP advertisements do not clearly indicate that Maher Law is a separate legal service provider from Newlin Law and not associated with it in any way (Maher Law and Maher's acts referred to above are collectively referred to herein as "Defendants' AdWords Scheme").

23. Newlin Law has not authorized Defendants or any third-party vendor to use its Service Mark, the Newlin name, or any variation thereof in commerce. In good faith, Newlin Law has repeatedly demanded Maher Law and Maher to cease and desist from its AdWords Scheme, but Defendants have refused to do so and continue to implement it.

24. As recently as February 28, 2019, additional advertisements appeared pursuant to

Defendants' AdWords Scheme.

25. Defendants' Adwords Scheme involves trading on the goodwill of the "Newlin" name to cause initial confusion among consumers searching for Newlin Law.

26. Defendants Adwords Scheme causes confusion and mistake among consumers as to the source or origin of Defendants' advertisements, and misleads consumers into believing they are being directed to Newlin's Website, when in fact, they are being directed to Defendants' Website.

27. Under Rule 4-7 of the Florida Bar's Rules of Professional Conduct, information about legal services in internet advertising and websites must comply with the Rules, including Rule 4-7.12.(a)(2) requires that all advertisements for legal employment must include "the city, town or county of 1 or more bona fide locations of the lawyer who will perform the services advertised."  Rule 4-7.13.(a)(2) describes advertising as deceptive and inherently misleading when it "omits information that is necessary to prevent the information supplied from being misleading." Rule 4-7.13.(a)(3) describes advertising as deceptive and inherently misleading when it implies the existence of material nonexistent fact."

28. Defendants' advertisements fail to comply with the Florida Rules of Professional Conduct:

    a. Defendants' advertisements fail to state the city, town or county of 1 or more bona fide locations of the lawyer who will perform the services advertised;

    b. Defendants' advertisements omits information that is necessary to prevent the information supplied from being misleading including Defendants' address or any other information to show Defendants are not related in any way with Newlin Law; and

    c. Defendants' advertisements imply existence of the material nonexistent fact that Defendants are not related in any way with Newlin Law.

29. By omitting this information, Defendants' advertisements are deceptive and

inherently misleading.

30. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

## COUNT I – UNAUTHORIZED USE OF NAME FOR ADVERTISING

31. Newlin Law incorporates by reference the above paragraphs numbered 1 through 30, as if fully set forth herein.

32. This is an action against Defendants for unauthorized use of name for advertising under section 540.08, Florida Statutes, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

33. The Newlin Name is the name of a natural person, i.e., Daniel Newlin, Esq.

34. Daniel Newlin, Esq. has licensed use of the Newlin Name to Newlin Law. Dan Newlin, Newlin Law, or any person or entity associated with Dan Newlin or Newlin Law have not given Defendants' consent to use the Newlin Name or any variation thereof.

35. Through Defendants' AdWords Scheme, Defendants have publicly used for the purposes of trade, commerce, and advertising the Newlin Name, including, specifically, "Dan Newlin."

36. Newlin Law has been injured and suffered losses as a result of Defendants' public use of the name "Dan Newlin" for the purposes of trade, commerce, and advertising. Specifically, Defendants said conduct directly and proximately caused (1) damages to Newlin Law's business reputation, brand, and good will by diverting potential clients to Defendants, (2) lost profits because potential clients who were reasonably likely to hire Newlin Law for its services were misled into obtaining legal services from Defendants, and (3) additional costs to implement corrective advertisement to remedy the damages to Newlin Law's business reputation, brand, and

goodwill.

37. Pursuant to section 540.08(2), Florida Statutes, Newlin Law has the right to recover damages for the injuries and losses caused by Defendants' unauthorized public use of the name "Dan Newlin."

38. Additionally, pursuant to section 540.08(2), Florida Statutes, Newlin Law has the right to enjoin Defendants from the unauthorized public use of the name "Dan Newlin."

39. Newlin Law has no adequate remedy at law for Defendants' unauthorized conduct.

40. Defendants' actions have caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

## COUNT II – SERVICE MARK INFRINGEMENT

41. Newlin Law incorporates by reference the above paragraphs numbered 1 through 30, as if fully set forth herein.

42. This is an action against Defendants for service mark infringement, and the damages arising therefrom in excess of Fifteen Thousand and No/100 Dollars ($15,000.00), exclusive of costs, interest, and attorneys' fees.

43. Newlin Law enjoys common law rights to the Service Mark because it was the first to appropriate the names "Law Offices of Dan Newlin," "The Law Offices of Dan Newlin and Partners," and "Dan Newlin and Partners" and use them in commerce in connection with legal services, Newlin Law has expended a great deal of effort, care, and money to brand itself as a highly reputable law firm, Newlin Law has continuously and substantially exclusively publicly used the Service Mark throughout Florida since at least as early as May 2002. Consumers and the

general public strongly associate the Service Mark with the services provided by Newlin Law.

44. Defendants' conduct causes initial confusion among consumers searching the internet for Newlin Law.

45. Defendants' AdWords Scheme is likely to cause or has caused confusion, mistake, and deception as to the source or origin of Defendants' services and strongly implies that Defendants' services are approved by, sponsored by, or somehow affiliated with Newlin Law or causes initial confusion by unfairly trading on the Newlin Name and brand.

46. Defendants' conduct constitutes service mark infringement and has caused damages to Newlin Law in an amount to be determined at trial.

47. Defendants' actions have caused and, unless restrained by the Court, will continue to cause irreparable injury to Newlin Law for which no adequate remedy at law exists for Defendants' service mark infringement.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, including royalty damages, injunctive relief, and such other relief that this Court deems proper.

**COUNT III – VIOLATION OF FLORIDA'S MISLEADING ADVERTISING LAW**

48. Newlin Law incorporates by reference the above paragraphs numbered 1 through 30, as if fully set forth herein.

49. This is an action against Defendants for misleading advertising under section 817.41, Florida Statutes.

50. Defendants' advertisements constitute misleading advertising as defined in section 817.40(5), Florida Statutes, and are prohibited under section 817.41, Florida Statutes.

51. Defendants made and publicly disseminated the above-described advertisements, which misled potential clients to believe they would be contacting Newlin Law, when they were

actually contacting the Defendants.

52. Defendants made and publicly disseminated the advertisements with the intent or purpose, either directly or indirectly, of selling legal services, or to induce the public into entering into an obligation relating to legal services.

53. Defendants' advertisements were misrepresentations of material fact that Defendants knew, or in the exercise of reasonable care should have known, would mislead the public into believing they were contacting Newlin Law and not Defendants.

54. Defendants intended for the public to rely and act upon the advertisements for the purpose of generating clients that were seeking legal services from Newlin Law.

55. Newlin Law is a competitor of Defendants.

56. As a direct and proximate result of Defendants' violations of Florida's Misleading Advertising Law, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, interest, costs, attorneys' fees pursuant section 817.41(6), Florida Statutes, and such other relief that this Court deems proper.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

57. Newlin Law incorporates by reference the above paragraphs numbered 1 through 30, as if fully set forth herein.

58. This is an action against Defendants for unfair competition.

59. Defendants' actions set forth herein constitute an unfair, unlawful, or deceptive business practice.

60. Newlin Law competes with Defendants for a common pool of customers.

61. Defendants' advertisements created a likelihood of customer confusion.

62. As a direct and proximate result of Defendants' unfair competition, Newlin Law has suffered significant damages.

WHEREFORE, Newlin Law demands judgment against Defendants for damages, interest, costs, and such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Newlin Law demands trial by jury on all issues so triable.

Dated: February 28, 2019.

                                          Respectfully submitted,

                                         */s/ Jason P. Herman*
                                         Jason P. Herman, Esquire
                                         Florida Bar No.: 149357
                                         Derrick M. Valkenburg, Esquire
                                         Florida Bar No.: 11468
                                         Dan Newlin & Partners
                                         7335 W. Sand Lake Road, Suite 300
                                         Orlando, FL 32819
                                         Direct: (407)203-6580
                                         Fax: (407)203-6580
                                         Attorneys for Plaintiff
                                         Jason.Herman@newlinlaw.com
                                         Marlene.Zervos@newlinlaw.com
                                         Evelyn.Manzueta@newlinlaw.com
                                         Derrick.Valkenburg@newlinlaw.com
                                         Heather.Hughes@newlinlaw.com
                                         Mallory.Walker@newlinlaw.com