UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE MAHER LAW FIRM, P.A.,

   Plaintiff,

v.              Case No. 6:19-cv-407-Orl-37EJK

DANIEL J. NEWLIN, P.A.,

   Defendant.

_____

## ORDER

Before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 14 ("**Motion**").) Plaintiff responded. (Doc. 15.) The Motion is denied.

### I. BACKGROUND

This case involves an anticipated coercive action between two local law firms. (Doc. 6, ¶¶ 1–14.) Plaintiff seeks declaratory relief that its advertisements on Google Ads using keywords does not infringe with Defendant's trademark, as Defendant has alleged and threatened litigation over. (*See id.* ¶¶ 6–14.) Plaintiff alleges this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this declaratory judgment action arises under the Lanham Act, 17 U.S.C. § 1051. (*Id.* ¶ 3.) Defendant now seeks dismissal for lack of subject matter jurisdiction. (Doc. 14.) With Plaintiff's response (Doc. 15), the matter is ripe.

### II. LEGAL STANDARDS

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual.

*Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks, in contrast, allow a court "to consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

### III.   ANALYSIS

Defendant moves to dismiss for lack of subject matter jurisdiction, arguing the underlying threatened coercive action consists entirely of state-law claims so federal jurisdiction is lacking. (Doc. 14, pp. 2–6.) In response, Plaintiff points out that the facts as pled in the Amended Complaint support a claim under the Lanham Act for service mark infringement, and because Defendant's anticipated coercive action rests on the same facts, this Court has subject matter jurisdiction. (Doc. 15, pp. 4–7.) Plaintiff is right.

In *Household Bank v. JFS Group*, 320 F.3d 1249 (11th Cir. 2003), the U.S. Court of Appeals for the Eleventh Circuit concluded "that federal-question jurisdiction exists in a declaratory judgment action if the plaintiff has alleged facts in a well-pleaded complaint which demonstrate that the defendant could file a coercive action arising under federal law." *Id.* at 1251. Where, as here, the plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), since that Act does not provide an independent basis for federal jurisdiction, the plaintiff must allege facts showing the controversy is within the court's original jurisdiction. *Id.* at 1253. To that end, the Amended Complaint points to the Lanham Act, 17 U.S.C. § 1051, as Plaintiff seeks a declaration that its conduct does not

constitute trademark infringement and unfair competition under 15 U.S.C. §§ 1114(a), 1125, and pleaded those claims accordingly. (Doc. 6, ¶¶ 3–5, 10–23; Doc. 15, pp. 4–6.) This demonstrates that Defendant, even though its anticipated coercive action presented state-law claims alone, could allege a coercive action under federal law. *See Household Bank*, 320 F.3d at 1259. Thus, this Court's subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 over Plaintiff's Lanham Act claim is not defeated by the type of claim Defendant alleged in its threatened coercive action. *See id.* The Motion is denied.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 16, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record